UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN POLEE, | No. 2:22-cv-1538 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. STAGGS-BOATRIGHT, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that on one occasion, defendant, a psychiatric technician at California State Prison, Sacramento, gave plaintiff the wrong medication.  As a result, plaintiff felt dizzy, was nauseous for two days, and his blood pressure was higher than normal.  Plaintiff seeks to have defendant fired.

Discussion

Eighth Amendment Standards

The treatment a prisoner receives while incarcerated and the conditions of his confinement are subject to the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  See Farmer v. Brennan, 511 U.S. 825, 828 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.").  The Eighth Amendment's deliberate indifference standard is a "high legal standard."  See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To state a claim, the prisoner must show that (1) objectively, the prison official's deprivation was sufficiently serious, and (2) subjectively, the prison official acted with sufficiently culpable state of mind.  See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 298-99.

To meet the objective standard, the plaintiff must show that the medical need is serious. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (citation omitted), overruled on other grounds by WMX Techs.,

Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).  If a prisoner establishes the existence of a serious medical need, he must also meet the subjective standard, showing that prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511 U.S. at 834.

A prison official is deliberately indifferent to a serious medical need if he 'knows of and disregards an excessive risk to inmate health.  Id. at 837.  The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or in the way prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060; see also Hallett v. Morgan, 296 F.3d 732, 744-45 (9th Cir. 2002).

Here, plaintiff fails to allege facts that meet both prongs of an Eighth Amendment medical claim.  Plaintiff fails to identify a serious medical need.  Moreover, plaintiff fails to demonstrate that defendant acted with a culpable state of mind.  Indeed, plaintiff states he sustained "negligence and pain and suffering." (ECF No. 8 at 3.)  As set forth above, negligence is insufficient to demonstrate an Eighth Amendment violation.  Toguchi, 391 F.3d at 1060.  Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835); Cf. Chestnut v. California Dep't of Corr. Parole Outpatient Clinic Serv., 2004 WL 603503, at *1 (N.D. Cal. Mar. 18, 2004) ("plaintiff's allegations that he received the wrong dose of psychiatric medication . . . do not amount to more than a claim for negligence and must be dismissed for failure to state a claim under § 1983").  Thus, plaintiff's complaint must be dismissed.

Leave to Amend

It is unclear whether plaintiff can allege facts demonstrating an Eighth Amendment violation.  However, because plaintiff has not had the opportunity to amend, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 28, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pole1538.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN POLEE,<br><br>          Plaintiff,<br><br>    v.<br><br>C. STAGGS-BOATRIGHT,<br><br>          Defendant. | No. 2:22-cv-1538 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____      Amended Complaint

                                                          _____
                                                          Plaintiff